## ED WOODS v. STATE.

No. A-4871.    Opinion Filed April 16, 1925.
(235 Pac. 250.)

(Syllabus.)

1.    **Assault and Battery—Weight of Conflicting Evidence for Jury.** The weight of conflicting evidence is a question for the jury.

2.    **Same—Evidence Sustaining Conviction for Assault with Dangerous Weapon.** In a prosecution for assault with a dangerous weapon, evidence held to sustain a conviction.

Appeal from District Court, Coal County; J. H. Linebaugh, Judge.

Ed Woods was convicted of an assault with a dangerous weapon with intent to do bodily harm, and he appeals.  Affirmed.

P. L. Gassaway, for plaintiff in error.

The Attorney General, for the State.

DO'YLE, J.    Plaintiff in error was convicted on an information charging that on the 27th day of December, 1922, he did cut, stab, and wound one Jesse Stiles with a certain sharp and dangerous weapon, to .wit, a knife, and in accordance with the verdict of the jury he was sentenced to be confined in the state penitentiary at McAlester for a term of two years.    From the judgment he appealed by filing in this court, on October 2, 1923, petition in error, with case-made. The only errors assigned are that the evidence is insufficient to sustain the verdict and judgment, and that the court erred in not granting a new trial.    No brief has been filed, and no appearance made on behalf of plaintiff in error in this court.

The evidence shows that Jesse Stiles attended a dance at the home of the defendant, and an altercation arose between the defendant and Stiles; that the defendant followed Stiles from the house to his car and struck him with his fist; that Stiles ran from him and the defendant followed and overtook him and cut him in the back with a knife.    Stiles testified that the wound affected his ability to talk.    He bared his back and exhibited the scar to the jury.    His undershirt worn at the time was also introduced.    Dr. Damerom testified that he treated the wound, that it was near the spine, and was an inch across and an inch and a half deep. As a witness in his own behalf, the defendant testified that after the fuss in the house he followed Stiles and asked him, "What will it take to satisfy you?"    Stiles said, "I don't know."    He said, "If I stomp hell out of you, will that satisfy you?"    Stiles said, "You big son of a bitch, I will see you later."    Then he knocked Stiles down with his fist, and he jumped up and threw

his hand back and ran, and he thought he might be fixing to shoot, and followed him until those present stopped him, that he did not have any knife, and did not stab or cut Stiles with a knife. Several witnesses on the part of the defendant testified that they saw the defendant hit Stiles with his fist, but did not see him have or use a knife.

While the defendant is not represented in this court, we have with much care examined the record, and find it free from substantial error.

Obviously, the case was one for the determination of the jury. We are of the opinion that the defendant had a fair trial.

The judgment of the trial court will be affirmed.

BESSEY, P. J., and EDWARDS, J., concur.